# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                          |   |                      |
|--------------------------|---|----------------------|
| **GARY PETERSON,**       | ) |                      |
|                          | ) |                      |
| **Plaintiff,**           | ) |                      |
|                          | ) | **CIVIL ACTION**     |
| v.                       | ) |                      |
|                          | ) | No. 12-2376-KHV      |
| **JACK KYNION II, et al.,** | ) |                   |
|                          | ) |                      |
| **Defendants.**          | ) |                      |

## MEMORANDUM AND ORDER

Jack Kynion II and Ben E. Stephenson, Jr. removed this action from the District Court of Johnson County, Kansas. Arguing that jurisdiction does not lie in this court, Gary Peterson filed Plaintiff's Motion For Remand Pursuant To U.S.C. 28 § 1447(c) [sic] (Doc. #7) on July 13, 2012. For the following reasons the Court sustains plaintiff's motion.

## Legal Standards

The removing party bears the burden of showing that jurisdiction is proper in federal court. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against removal and the Court narrowly construes removal statutes. Ortiz v. Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002). The Court is mindful that "[d]oubtful cases must be resolved in favor of remand." Thurkill v. The Menninger Clinic, Inc., 72 F. Supp.2d 1232, 1234 (D. Kan. 1999) (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)).

## Facts And Procedural Background

Kynion and Stephenson hold themselves out as financial advisors. At the time of the events which are the subject of this action, they were agents and/or representatives of Legacy Financial

Group, Inc.[1] Plaintiff was the sole shareholder of Chris Leef General Agency, and Kynion and Stephenson advised plaintiff with respect to tax and other financial matters. Defendants presented plaintiff with a plan which would allegedly allow plaintiff to pay for life insurance benefits for himself and the Agency's vice president on a pre-tax basis. Plaintiff agreed and purchased two policies from defendants with a total cost of more than $200,000. Defendants were the agents of record on the policies and as such, received commissions on the sales. Defendants assert that the policies in question were part of a "VEBA" plan, or voluntary employees' benefit association, which allows for tax-free contributions. Plaintiff does not dispute this characterization. Problems ensued when the Internal Revenue Service disallowed deductions on plaintiff's federal income tax return and plaintiff learned that the policies ceased to exist and/or had no value.

On May 18, 2012, plaintiff filed suit against Kynion, Stephenson and Legacy Financial Group, Inc. in the District Court of Johnson County, Kansas, seeking damages for negligence, breach of fiduciary duty, common law fraud, negligent misrepresentation and unjust enrichment. Defendants filed their notice of removal on June 14, 2012. Notice of Removal (Doc. #1). Plaintiff's motion to remand followed.

**Analysis**

Defendants removed this case on the representation that this Court has subject matter jurisdiction because plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff argues that this Court lacks subject matter jurisdiction because his claims do not arise under and are not preempted by ERISA. Defendants

---

[1] When he filed this action in state court, plaintiff also named Legacy as a defendant. Legacy had forfeited its charter, however, and plaintiff therefore was unable to effectuate service of process. In this order, "defendants" will refer only to Kynion and Stephenson.

assert that the VEBA plan at issue is an employee welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1), that plaintiff is a participant in the plan under 29 U.S.C. § 1002(7), and that plaintiff therefore "has standing to assert plan-related claims" under the benefits enforcement provision of ERISA, 29 U.S.C. § 1132(a)(1)(B). Ultimately, defendants base their argument on the assertion that "plaintiff could have brought his claims under ERISA to restore the necessary funds to allow the plan to continue to provide him benefits." Defendants' Jack Kynion, II And Ben E. Stephenson, Jr. Suggestions In Opposition To Plaintiff's Motion To Remand (Doc. #12) filed August 13, 2012 at 8.

Defendants are far off the mark. Even if the Court assumes that the VEBA plan is an ERISA plan, nothing in plaintiff's complaint implicates Section 1132(a)(1)(B). Plaintiff is still living. He is not seeking to recover life insurance benefits, which would be the benefits due under the plan.[2] Instead, he is seeking tort damages for defendants' allegedly erroneous tax and financial advice, including losses in the amount of premiums he paid, back taxes, interest, penalties to the IRS and attorney's fees.

Moreover, Kynion and Stephenson would not be proper defendants in an action to recover benefits under Section 1132(a)(1)(B). The statute allows such claims against the plan itself, and possibly against plan fiduciaries and named fiduciaries. Geddes v. United Staffing Alliance Employee Med. Plan, 469 F.3d 919, 931 (10th Cir. 2006) (quoting 29 U.S.C. § 1132(d)(2)). Clearly, defendants are not the plan itself, and plaintiff does not allege that either defendant is the

---

[2] Neither would plaintiff be seeking to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan, see 28 U.S.C. § 1132(a)(1)(B), because those rights would fall to a beneficiary of a life insurance policy rather than to the participant. Even if plaintiff seeks to recover the cash value of a policy, he does not allege that defendants caused the cash value to diminish.

plan sponsor or administrator. Indeed, defendants admit that they "are not plan fiduciaries, i.e., an employer, sponsor, administrators or trustee." Doc. #12 at 7. Stated another way, plaintiff's claims are in no way based on defendants' obligations under ERISA; they would exist whether or not an ERISA plan existed.

Accordingly, plaintiff's cause of action is not preempted. Contra Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004) (cause of action preempted if individual could have brought claim under Section 1132(a)(1)(B) and no other independent legal duty is implicated by defendant's actions). Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award costs and attorney fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, courts should deny requests for costs and fees. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005); Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1253 (10th Cir. 2010). As a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c), the Court need not find that defendant removed the state court action in bad faith. Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997). The propriety of removal is the central issue in deciding whether to allow expenses and costs. Id. An award of costs and expenses under Section 1447(c) is committed to the Court's broad discretion.

The Court finds that defendants lacked an objectively reasonable basis for removing this case. Plaintiff should be awarded costs and fees for responding to defendants' obviously defective effort to remove this case, and the Court directs the parties to follow D. Kan. Rule 54.2 in that

-4-

regard.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Remand Pursuant To U.S.C. 28 § 1447(c) [sic] (Doc. #7) filed on July 13, 2012, be and hereby is **SUSTAINED**. The Court remands this action to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that defendants shall jointly pay to plaintiff the costs and expenses, including attorney fees, incurred as a result of the removal. In that regard, the parties shall follow the procedures set forth in D. Kan. Rule 54.2. On or before March 19, 2013, plaintiffs shall file the requisite stipulation and request for order, or statement of consultation and memorandum in support of its request for fees.

Dated this 5th day of March, 2013, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge