IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY PETERSON, )
)
        **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 12-2376-KHV
JACK KYNION II, et al., )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' <u>Motion To Reconsider The Order To Pay Costs And Attorney Fees Pursuant To 28 USC § 1147(c)</u>[1] (Doc. #21) filed March 19, 2013. Defendants ask the Court to reconsider that portion of its remand order dated March 5, 2013 (Doc. #19) which awards plaintiff the costs and attorney fees he incurred in seeking remand. Defendants contend that they had an objectively reasonable basis for removing this matter and should therefore not be required to pay plaintiff's fees and costs.

### Procedural Background

Defendants removed this case from the District Court of Johnson County, Kansas, asserting that this Court has jurisdiction under ERISA, 29 U.S.C. § 1002 et seq. <u>Notice Of Removal</u> (Doc. #1) filed June 14, 2012. Plaintiff filed a motion to remand, arguing that this case does not arise under ERISA. The Court sustained plaintiff's motion, remanded the case and awarded plaintiff his costs and attorney fees. Doc. #19.

### Standards for Rule 60(b) Motions

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b), Fed.

---

[1]     Defendants' motion is so titled. The correct statutory section is 1447.

R. Civ. P. See Fed. Deposit Ins. Corp. v. United Pac. Ins.. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).[2]

**Analysis**

Defendants rely on National Security Systems, Inc. v. Iola, 700 F.3d 65 (3d Cir. 2012), to support their theory for removal. The relevant defendant in Iola was a financial planner who induced four small corporations and their respective owners to adopt an employee welfare benefit plan that ultimately proved to have illusory benefits. Defendant continued to make misrepresentations after plaintiffs adopted the plans. The IRS ultimately audited the plans and disallowed certain deductions claimed on their federal income tax returns. Plaintiffs asserted claims under ERISA, RICO and New Jersey statutory and common law.

Iola held that ERISA did not preempt state law claims which were based upon acts done before the plans existed. 700 F.3d at 85. According to defendants, Iola also held that ERISA preempted a subset of state law claims to the extent that they related to misrepresentations made after the plans were adopted. See id. at 83-84. Here, plaintiff alleges "actions by Kynion and Peterson occurring both before and after the adoption of [the] VEBA Plan." Defendants argue that

---

[2] Defendants bring their motion under D. Kan. R. 7.3(b) as a motion to reconsider a non-dispositive order, but move in the alternative under Fed. R. Civ. P. 60(b)(6) if the Court considers its order to be dispositive. The award of fees and costs was part of a remand order, which is clearly dispositive. The standard for both types of motion is the same, however. See Jones v. Potter, No. 09-2222-KHV, 2010 WL 394087, at *1 (D. Kan. Oct. 6, 2010).

they therefore had an objectively reasonable basis to seek removal.

Iola is of no help to defendants. First, plaintiff makes no ERISA claim but alleges only state law causes of action. While defendants invoked federal jurisdiction on the assertion that "plaintiff could have brought his claims under ERISA to restore the necessary funds to allow the plan to continue to provide him benefits," plaintiff did not do so. Defendants' Jack Kynion, II And Ben E. Stephenson, Jr. Suggestions In Opposition To Plaintiff's Motion To Remand (Doc. #12) filed August 13, 2012 at 8 (emphasis added). Second, the only allegations that relate to what might have been an employee welfare benefit plan address defendants' conduct before the plan existed. As such, ERISA cannot preempt the claims; the Court would have no ERISA plan provisions to examine in considering the claims. Moreover, defendants could have raised this argument before the Court ruled on plaintiff's motion to remand, and the Court will not give the argument serious consideration at this late date.

In effect, defendants argue that they should not be required to pay plaintiff's attorney fees and costs because they had a good-faith basis to remove the case. The Court need not find that defendants removed the state court action in bad faith as a prerequisite to awarding attorney fees and costs under 28 U.S.C. § 1447(c). Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997). The propriety of removal is the central issue in deciding whether to allow expenses and costs. Id. An award of costs and expenses under Section 1447(c) is committed to the Court's broad discretion.

**IT IS THEREFORE ORDERED** that defendants' Motion To Reconsider The Order To Pay Costs And Attorney Fees Pursuant To 28 USC § 1147(c) (Doc. #21) filed March 19, 2013, be and

hereby is **OVERRULED**.

Dated this 6th day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge